Neda **RASCHKOVSKY, an individual;**
**Ricardo Raschkovsky, an individual,**
Plaintiffs-Appellants,

v.

**ALLSTATE INSURANCE COMPANY,**
**an Illinois Corporation, Defendant-**
Appellee.

No. 16-55093

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted August 8,
2017 Pasadena, California

Filed August 22, 2017

Boris Treyzon, Esquire, Attorney, Trey-
zon & Associates, Los Angeles, CA, for
Plaintiffs-Appellants

John V. Tamborelli, Tamborelli Law
Group, Woodland Hills, CA, Deborah A.
Berthel, Esquire, Attorney, Gregory Mi-
chael MacGregor, Esquire, Attorney, San-
geeta A. Madhok, Esquire, Attorney,
MacGregor & Berthel, Woodland Hills,
CA, for Defendant-Appellee

Before: CALLAHAN and OWENS,
Circuit Judges, and FABER,* District
Judge.

---

\* The Honorable David A. Faber, United States
  District Judge for the Southern District of
  West Virginia, sitting by designation.

\*\* This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by Ninth Circuit Rule 36-3.

MEMORANDUM \*\*

Neda and Ricardo Raschkovsky (collec-
tively, "the Raschkovskys") appeal the dis-
trict court's grant of summary judgment to
Allstate Insurance Company ("Allstate")
on their breach-of-contract and bad-faith
claims. We have jurisdiction pursuant to 28
U.S.C. § 1291, and we reverse and re-
mand.[1]

The district court abused its discretion
when determining what evidence to consid-
er during the summary-judgment stage.
The Raschkovskys' experts' opinions re-
garding the nature of the leak should not
have been excluded. These opinions are
sufficiently reliable because they are based
on "the knowledge and experience of the
[experts'] discipline[s]." *Pyramid Techs.
Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d
807, 816 (9th Cir. 2014) (citation omitted);
see also *Living Designs, Inc. v. E.I. Du-
pont de Nemours & Co.*, 431 F.3d 353, 368
n.14 (9th Cir. 2005). While the opinions do
not address every fact raised by Allstate's
experts, this deficiency goes to weight, not
admissibility. *See Primiano v. Cook*, 598
F.3d 558, 564 (9th Cir. 2010) ("Shaky but
admissible evidence is to be attacked by
cross examination, contrary evidence, and
attention to the burden of proof, not exclu-
sion."). Additionally, Neda Raschkovsky's
declaration should not have been excluded
because there was not a "clear and unam-
biguous" inconsistency between it and her
earlier sworn testimony. *Van Asdale v.
Int'l Game Tech.*, 577 F.3d 989, 998–99
(9th Cir. 2009). The plumber's statement
about not seeing mold also should not have
been excluded, as it does not contradict
other sworn statements that he made. *See*

---

1. The facts are familiar to the parties and are
   restated here only as necessary to resolve the
   legal issues of the appeal.

*Leslie v. Grupo ICA*, 198 F.3d 1152, 1157–59 (9th Cir. 1999) (declaring that a witness's testimony can be rejected only if it contradicts other sworn statements made by that witness, not merely because it is inconsistent with other evidence).

When the improperly excluded evidence is considered, it is sufficient to raise a genuine issue of material fact as to whether the leak in question was "sudden and accidental," and whether any of the insurance policy's exclusions are applicable. Accordingly, summary judgment should not have been granted on the Raschkovskys' breach-of-contract claim. *See Aydin Corp. v. First State Ins. Co.*, 18 Cal.4th 1183, 77 Cal.Rptr.2d 537, 959 P.2d 1213, 1215 (1998).

Summary judgment also should not have been granted on the Raschkovskys' bad-faith claim. As noted above, a genuine issue of material fact exists as to whether Allstate breached the terms of the parties' contract. Furthermore, the Raschkovskys' evidence is sufficient to raise a genuine issue of material fact as to whether Allstate acted "unreasonably or without proper cause." *Bosetti v. U.S. Life Ins. Co. in the City of N.Y.*, 175 Cal.App.4th 1208, 96 Cal.Rptr.3d 744, 769 n.20 (2009) (emphasis omitted). Viewing the Raschkovskys' evidence in the light most favorable to them, *see, e.g., T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987), a reasonable jury could find that Allstate "was not pursing the adjustment of th[e Raschkovskys'] claim with any degree of diligence," *Fleming v. Safeco Insurance Co. of America, Inc.*, 160 Cal.App.3d 31, 206 Cal.Rptr. 313, 315 (1984), and that Allstate did not "thoroughly investigate the circumstances to determine" if the Raschkovskys' claim was covered, *Mariscal v. Old Republic Life Insurance Co.*, 42 Cal.App.4th 1617, 50 Cal.Rptr.2d 224, 227 (1996). Contrary to Allstate's claim otherwise, this is sufficient for the Raschkovsky's bad-faith claim to survive summary judgment.

Because the district court did not address the Raschkovskys' punitive-damages request, we leave it to the district court, on remand, to determine in the first instance whether the Raschkovskys have presented clear and convincing evidence that Allstate's conduct was "oppressive, fraudulent, or malicious," and, thus, are deserving of punitive damages. *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1164 (9th Cir. 2002) (citation omitted).

**REVERSED and REMANDED.**